UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

---

JOHN R. WALSH, III,

                  Plaintiff,

        v.

JUDGE MICHAEL BARRASSE, et al.,

                  Defendants.

Civil Action No. 3:16-CV-1494

(Judge Kosik)

---

## MEMORANDUM

Before the Court for disposition is another civil action filed by *pro se* Plaintiff, John R. Walsh, III.  Upon review of the complaint (Doc. 1), we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

Plaintiff initiated this action by filing a complaint (Doc. 1) on July 20, 2016, against two Lackawanna County Judges and a number of private attorneys, seeking $10,000,000.00, for what Plaintiff alleges as a "miscarriage of Justice" when Judge Barrasse allegedly denied Plaintiff's request for counsel in a county court proceeding.  (Doc. 1, ¶¶ 2, 16).  Plaintiff thus appears to allege a Sixth Amendment violation of his right to counsel against Judge Barrasse. As for the remaining named Defendants, this Court cannot discern any other alleged causes of action, other than what Plaintiff complains against Mark Giannotte, Esq., as "Obstruction of Justice" when he did not do the "[r]ight [t]hing," and speak out when Judge Barrasse denied Plaintiff counsel in the county court proceeding.  (Doc. 1, ¶¶  3,4).  Moreover, while Plaintiff names Alex Hazzouri as a defendant in the caption of this action, this Defendant does not appear anywhere in the body of the complaint.

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, the court may review an *in forma pauperis* complaint prior to service and "shall dismiss the case at any time if the court determines that ... the action

... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted."

28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  An action is "frivolous where it lacks an arguable basis

in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual allegations are

"clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328,

or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton

v. Hernandez, 504 U.S. 25, 33 (1992).  "[A] finding of factual frivolousness is appropriate

when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not

there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the

Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to

state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6).

In determining the legal sufficiency of a complaint, the United States Court of Appeals

for the Third Circuit has documented the evolving nature of pleading practice in federal court,

stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years. Beginning with the Supreme Court's opinion in *Bell
> Atlantic Corp. V. Twombly, 550 U.S. 644 (2007)* continuing with our
> opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d
> Cir. 2008)] and culminating recently with the Supreme Court's
> decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards
> have seemingly shifted from simple notice pleading to a more
> heightened form of pleading, requiring a plaintiff to plead more than
> the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a

claim for relief, which contains a short and plain statement of the claim, showing that the

pleader is entitled to relief.  The complaint must provide the defendant with fair notice of the

claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The issue in a motion to

dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not

whether the plaintiff will ultimately prevail.  See Phillips v. Cnty. of Allegheny, 515 F. 3d

224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

We first address the purported Sixth Amendment violation of right to counsel before Judge Barrasse in the county court proceeding that took place on June 14, 2013.  In doing so, we must first look to the applicable statute of limitations to discern whether the current action has been timely filed.  Statutes of limitations are not "simply technicalities," but rather are "fundamental to a well-ordered judicial system." Board of Regents v. Tomanio, 446 U.S. 478, 487 (1980).  The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions; however, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 275-76 (1985).  With respect to claims pursuant to 42 U.S.C. § 1983, the Supreme Court has concluded that such claims are best characterized as personal injury actions for purposes of state statutes of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). As such, claims which are brought pursuant to 42 U.S.C. § 1983 are also subject to a two-year statute of limitations in Pennsylvania.  Chester v. Beard, 657 F.Supp.2d 534, 539 (M.D.Pa. 2009); Burger v. Borough of Ingram, 697 A.2d 1037, 1041 (Pa. Commw. Ct. 1997).

Here, Plaintiff alleges that on June 14, 2013, he stood before Judge Barrasse and requested "an appointment of an attorney for this nothing infraction." (Doc. 1, ¶ 2).  While it is not abundantly clear as to whether Defendant Ernie Preate or Mark Giannotte was representing Plaintiff at this proceeding, and Plaintiff was merely requesting court appointed counsel instead, we do not need to delve any deeper in this consideration.  Plaintiff's claim is time-barred by the two-year statute of limitations period.  Because the alleged deprivation of Plaintiff's right occurred on June 14, 2013, his filing of this instant action on July 20, 2016, was well beyond the applicable statute of limitations, and therefore, must be dismissed

Moreover, the Court finds Plaintiff's remaining allegations, if they can be categorized as such, to be frivolous because they are wholly incredible and delusional.  Additionally, Plaintiff falls far short of stating any claim upon which relief may be granted.  Plaintiff does

not provide any factual allegations to support any legal grounds for liability against any of the named Defendants.[1] This Court cannot even discern any legal grounds set forth in Plaintiff's Complaint. Beyond a doubt, there are no facially plausibile claims pleaded by Plaintiff.

### III. CONCLUSION

For the foregoing reasons, we will dismiss Plaintiff's complaint (Doc. 1). An appropriate order follows.

---

[1] Further, it is well settled that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Additionally, the facts alleged by Plaintiff, even if liberally construed as an action brought under 42 U.S.C. § 1983, fail to set forth a cognizable claim against any of the private attorney defendants. Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (the "under color of state law" requirement excludes from its reach "merely private conduct, no matter how discriminatory or wrongful"). The Court further notes that Plaintiff recites the names of alleged causes of actions in the caption of his complaint, such as "obstruction of justice" and "RICO," etc., without any further explanation or development of facts or elements to support such causes of actions. Such claims must be dismissed since Plaintiff fails to even provide threadbare recitals of the elements of any of the recited causes of action. Iqbal, 556 U.S. at 677-679 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8). Moreover, the criminal statutes Plaintiff recites to, do not create a private right of action and therefore precludes Plaintiff from bringing such claims. See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F.Supp. 2d 17, 23 (D.D.C. 2003) ("[T]here is no private right of action under these federal criminal statutes."). Finally, any claim that Plaintiff was denied his right to the "pursuit of happiness" is not a cognizable claim that may be pursued through the judicial system. Coffey v. United States, 939 F. Supp. 185, 191 (E.D.N.Y. 1996).